# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Michael Roberts, | : | Case No. 1:08CV2696 |
| Petitioner | : | Judge Dan Aaron Polster |
| v. | : | Magistrate Judge David S. Perelman |
| Richard Gansheimer, Warden, | : | **REPORT AND RECOMMENDED DECISION** |
| Respondent | : | |

In this pro se action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his August 17, 2006 conviction consequent to pleas of guilty in four cases; one count of obstructing official business (Case No. CR-475025), upon which he was sentenced to nine months incarceration; two counts of third degree burglary (Case Nos. CR-476887 and CR-476891), upon which he was sentenced to two years incarceration on each count; and one count of second degree burglary and one count of theft (Case No. 482832), upon which he was sentenced to concurrent sentences of three years and six months respectively, with the sentences in each case to be served consecutively, for an aggregate sentence of seven years and nine months.

On September 18 and 22, 2006, petitioner filed separate but identical motions to withdraw his guilty pleas in which he argued that the sentences imposed upon him were greater than his attorney represented they would be. On February 1, 2007 the trial court denied his motions stating

1

in part, "The Court notes that, in his pro se motion, the defendant 'Admit(s) my wrong-doings and feel sorry for them.'"

On September 22, 2006 petitioner filed a third motion captioned "Post Conviction Petition," which the trial court read as another motion to withdraw guilty plea. The court denied that motion on February 2, 2007, holding that it did "not allege any constitutional violation and can be denied on that basis as well."

While the foregoing motions were pending, on January 3, 2007 petitioner filed a notice of appeal and motion for leave to file a delayed appeal to the Eighth District Court of Appeals. The court granted petitioner's motion and appointed appellate counsel. On that appeal the following two assignments of error were advanced:

>   I. The trial court erred in sentencing appellant to consecutive sentences which were contrary to law.
>
>   II. The appellant's plea was not knowingly, intelligently and voluntarily given when he was not informed of the consequences of his guilty plea.

Despite having been granted his request for appointed counsel, petitioner filed pro se a leave to file a supplemental brief, which the appellate court granted, in which he raised two additional assignments of error:

>   I. The trial court committed a reversible error in accepting appellant's guilty pleas where the court lacked jurisdiction in violation of 5th and 14th Amendments to the United States Constitution and the Ohio Constitution.
>
>   II. Defendant-appellant was completely denied assistance of counsel at the critical stage of proceeding in violation of the 6th and 14th Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

On May 5, 2008 the appellate court overruled each of petitioner's assignments of error and affirmed the judgment of conviction and sentences.

Petitioner failed to file a timely appeal to the Ohio Supreme Court. Instead, on July 10, 2008, he filed a pro se a motion for leave to file a delayed appeal. On September 10, 2008 the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the appeal.

On November 11, 2008 petitioner filed the instant petition, in which he presents the following four claims for relief:

> **A. GROUND ONE:** The trial court lacked jurisdiction to accept petitioner's guilty plea because the indictment failed to state the essential element of the offense charged.
>
> **Supporting FACTS:** Petitioner's indictment failed to state the mens rea– material elements of burglary, obstruction of justice and trespass.
>
> **B. GROUND TWO:** Petitioner was completely denied assistance of counsel at the critical stages of proceeding in violation of the 6th and 14th Amendment of the United States Constitution and Article one §10 of the Ohio Constitution.
>
> **Supporting FACTS:** Trial counsel rendered ineffective assistance of counsel based on cumulative instances– challenges to unconstitutional sentences, defect in the indictment, lack of pretrial investigations, etc.
>
> **C. GROUND THREE:** Petitioner's guilty plea was not knowingly, intelligently and voluntarily [sic].
>
> **Supporting FACTS:** Petitioner did not know that his indictment was defective, and that trial judge would impose upward/consecutive sentence.
>
> **D. GROUND FOUR:** The sentences of the trial court are unconstitutional.
>
> **Supporting FACTS:** Trial court imposition of consecutive

3

sentences does not constitute part of the plea.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

The petition was timely filed in accordance with 28 U.S.C. §2244(d).

Respondent asserts that petitioner's claims for relief have been exhausted, but that they were procedurally defaulted when petitioner failed to file a timely appeal with the state supreme court and that court denied his motion for leave to file a delayed appeal.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he may seek relief based upon an alleged violation of constitutional rights. Granberry v. Greer, 481 U.S. 129, 133 (1987). Such doctrine, although not of a jurisdictional nature, is based upon issues of comity, allowing the state courts the opportunity to correct any constitutional violation that may have occurred in its courts, as well as creating a complete record for review should the case eventually be heard in federal habeas corpus. Hafley v. Sowders, 902 F.2d 480, 482 (6th Cir. 1990).

A claim is deemed exhausted even if it has not been presented to the state's highest court when the petitioner is foreclosed from raising it in that forum either because the time for filing has expired or the petitioner is otherwise procedurally precluded from raising it. A default occurs in the state courts if the last state court rendering a decision makes a plain statement of such state procedural default. Harris v. Reed, 489 U.S. 255 (1989). When a petitioner fails to appeal a claim to a state's highest court and when the opportunity to do so is lost, the petitioner is said to have

4

procedurally defaulted the claim and must prove cause and prejudice for such default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Under this standard of review a petitioner must show "cause for the noncompliance and . . . actual prejudice resulting from the alleged constitutional violation." Id. at 84.

The Sixth Circuit, in Maupin v. Smith, 785 F.2d 135 (6th Cir. 1986), delineated a four part approach on habeas corpus for determining whether a petitioner's claim is barred by the failure to observe a state procedural rule. First, the district court must determine whether there exists a state procedural rule with which the petitioner failed to comply. Then the court must determine whether the state court enforced the sanction for failure to comply. If so, it must then be decided whether failure to comply with the state procedural rule constitutes an adequate and independent ground for barring federal review. If all these questions are answered in the affirmative, the petitioner must satisfy the "cause and prejudice" analysis set forth in Wainwright, supra at 138.

Turning to the present case the state supreme court refused to hear the claims for relief raised in this proceeding when it denied petitioner's motion for leave to file a delayed appeal. There being no available means of further presenting these issues to the state courts they have been exhausted, but there is the question as to whether they have also been procedurally defaulted in light of the refusal of the state supreme court to grant petitioner's motion for leave to file delayed appeal.[1]

---

[1] Under Ohio law claims of ineffective assistance of appellate counsel (which the petitioner asserts in part was the cause of procedural default in the state court) are to be filed in an application to reopen an appeal within ninety days from journalization of the judgement on direct appeal. Rule 26(B), Ohio Rules of Appellate Procedure. Petitioner did not file a Rule 26(B) application to reopen, and any attempt to do so at this point would be untimely. Absent a showing of good cause for the delay, which there is no indication of in this case, the untimely claims would not be considered by the state appellate court. That being the case, requiring petitioner to file such an untimely application would be futile, particularly since he ultimately attempted to present this claim to the supreme court.

5

Rule II, Section 2(A)(4) of the Rules of Practice of the Ohio Supreme Court provides for the filing of a motion for delayed appeal along with notice of appeal, where a criminal defendant has failed to file a timely appeal to that court from a decision of the lower appellate court. That motion is only to include the reasons for delay, with the actual appeal issues only being presented upon the supreme court's granting such motion. A denial of a motion for delayed appeal is premised solely upon the reasons for delay and, therefore, is a decision based upon procedural default and not upon merits review. Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004).

The Maupin factors have been satisfied, as the rule requiring timely filing is a state procedural rule with which the petitioner failed to comply, the supreme court enforced the rule, and failure to comply with that rule constitutes an adequate and independent ground for barring review of the federal constitutional claim. Id. at 497. As such, petitioner has procedurally defaulted the claims for relief raised herein. Id. at 497. Accord, Simpson v. Jones, 238 F.3d 399, 406 (6th Cir. 2000); Barkely v. Konteh, 240 F.Supp.2d 708 (N.D.Ohio 2002).

These issues having been procedurally defaulted in the state supreme court, this Court must look to whether petitioner has satisfied his burden to demonstrate cause for the procedural default and actual prejudice deriving therefrom.

Petitioner argues that ineffective assistance of appellate counsel was the cause of his failure to file a timely appeal in the state supreme court.

Error or imprudent tactical decision by an otherwise competent counsel does not constitute cause for a procedural default. Murray v. Carrier, 477 U.S. 478 (1986). Only where counsel is constitutionally ineffective can his/her error be deemed "cause." Id. at 488-89. See, also, Lucas v. O'Dea, 179 F.3d 412, 419 (6th Cir. 1999). "[The petitioner's] ineffective assistance of appellate

6

counsel claims can serve as cause for the procedural default of his other claims only if [the petitioner] can demonstrate that his appellate counsel was constitutionally ineffective." Buell v. Mitchell, 274 F.3d 337, 351-52 (6th Cir. 2001).

Before a claim of ineffective assistance of counsel can be cited as cause for a procedural default, however, it must "be presented to the state courts as an independent claim." Id. at 489.

> The question whether there is cause for a procedural default does not pose any occasion for applying the exhaustion doctrine when the federal habeas court can adjudicate the question of cause--a question of federal law--without deciding an independent and unexhausted constitutional claim on the merits. But if a petitioner could raise his ineffective assistance claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available. The principle of comity that underlies the exhaustion doctrine would be illserved by a rule that allowed a federal district court "to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," . . . and that holds true whether an ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.

Id. (Citation omitted). Accord, Edwards v. Carpenter, 529 U.S. 446 (2000).

The underlying flaw with petitioner's argument on cause is that he did not have the right to counsel in his discretionary appeal to the state supreme court. Halbert v. Michigan, 545 U.S. 605 628 (2005), citing Wainwright v. Torna, 455 U.S. 586 (1982) and Ross v. Moffitt, 417 U.S. 600 (1974). Accord, Wright v. Bobby, Case No. 1:05CV2870, 2008 U.S.Dist. LEXIS 47555, *8 (N.D.Ohio 2008) (J. Wells). Absent such right, any ineffective assistance which might have impeded his ability to file a timely appeal to the state supreme court could not constitute cause for the aforementioned procedural default. Gulertekin v. Tinnelman-Cooper, 340 F.3d 414, 425 (6th

7

Cir. 2003), citing Coleman v. Thompson, 501 U.S. 722, 752-53 (1991).

Oddly, petitioner also asserts as cause for his procedural default his actual innocense of the crimes upon which he was convicted–completely overlooking the fact that he entered pleas of guilty to those crimes and made statements acquiescing to his guilt in his post-conviction motions. Clearly, this is not a convincing showing of cause for the procedural default or actual prejudice deriving therefrom.

Petitioner having failed to demonstrate cause for the procedural default of failing to present a timely appeal to the state supreme court, his claims for relief must fail on that basis.

It is, therefore, recommended that the petition be dismissed without further proceedings.

DAVID S. PERELMAN
United States Magistrate Judge

DATE: July 8, 2009

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).