**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL ROBERTS,** ) | **Case No. 1:08 CV 2696** |
| ) | |
| Petitioner, ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **RICHARD GANSHEIMER, WARDEN,** ) | |
| ) | |
| Respondent. ) | |

Before the Court are the Report and Recommended Decision ("R&R") of Magistrate Judge David S. Perelman (*ECF No. 11*) and Petitioner Michael Roberts' objections to the R&R (*ECF No. 13*). The Magistrate Judge recommends that the Court deny Petitioner's 28 U.S.C. §2254 habeas corpus petition because it has been procedurally defaulted.

The Court has reviewed the Magistrate Judge's thorough and well-reasoned R&R and Petitioner's objections, and concludes that the R&R should be adopted in its entirety. Pursuant to a guilty plea, Petitioner was convicted on August 17, 2006 of one count of obstructing official business, two counts of third degree burglary, one count of second degree burglary and one count of theft. On May 5, 2008, the Eighth District Court of Appeals affirmed Petitioner's conviction and sentence. Petitioner then failed to file a timely appeal to the Ohio Supreme Court, instead moving for leave to file a delayed appeal, which was denied by the Ohio

Supreme Court on September 10, 2008. As correctly concluded by the Magistrate Judge, Petitioner's failure to comply with a state procedural rule for filing a timely appeal constitutes an adequate and independent ground for barring review of his federal constitutional claim. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

Moreover, Petitioner's argument that ineffective assistance of appellant counsel caused his procedural default must be rejected. Petitioner did not present ineffective assistance of appellate counsel as an independent claim to the state court. *Buell v. Mitchell*, 274 F.3d 337, 351-52 (6th Cir. 2001). However, even if he had, because there is no constitutional right to an attorney in post-conviction proceedings, a filing error made by Petitioner's appellate counsel is not the type of constitutionally ineffective representation necessary for the Court to find cause for the procedural default. *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 414, 425 (6th Cir. 2003) (citation omitted).

Accordingly, the Court **OVERRULES** Petitioner's Objections (*ECF No. 13*) and **ADOPTS** the Magistrate Judge's Report and Recommended Decision (*ECF No. 11*) for the reasons stated therein. Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (*ECF No. 1*) is hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     July 30, 2009*
**Dan Aaron Polster**
**United States District Judge**